# REPORTS

OF THE DECISIONS

OF THE

# COURT OF APPEALS

OF THE

## STATE OF COLORADO.

---

## JANUARY TERM, 1892.

---

THE COLORADO SPRINGS LIVE STOCK COMPANY, APPEL-
LANT, v. GODDING, APPELLEE.

1. PRACTICE.
In the absence of a bill of exceptions containing the evidence, assign-
ments of error based upon rulings admitting testimony or as to the
effect thereof will not be considered, but the sufficiency of the com-
plaint may be the subject of inquiry.
2. MEASURE OF DAMAGES.
A party having contracted to purchase hay at an agreed price refused
to do so. Thereafter the hay was sold for the best price obtain-
able. Held, that the measure of damages for the breach of the
contract was the difference between the contract price and that for
which the hay was sold.

*Appeal from the District Court of Weld County.*

THE plaintiff, Talmai F. Godding, brought this action
for damages sustained by reason of the defendant's refusal to
purchase certain hay according to the terms of a written
agreement between the defendant and one John E. Godding,
which had been assigned to the plaintiff with the knowledge
and consent of the defendant, and which contained a provi-

sion that it should bind the assigns of either party. The plaintiff recovered judgment and the defendant appealed.

Mr. JAMES W. McCREERY and Mr. WILLIAM HARRISON, for appellant.

Mr. B. L. CARR and Mr. F. P. SECOR, for appellee.

BISSELL, J., delivered the opinion of the court.

This judgment cannot be successfully assailed. The testimony was not preserved by a bill of exceptions, and without it there can be no determination of any matters suggested as error save that predicated on the insufficiency of the complaint. It is quite possible that this pleading is in some respects inartificial, and that an unusually careful pleader might have inserted some further allegations. They were not absolutely essential to the statement of a cause of action, and if the pleading was defective in this particular, it could only be reached by a technical demurrer put in before the issues were made up. The defendants answered and the cause was tried without a jury. In the condition of the present record it will be assumed that sufficient evidence was introduced on the hearing to justify the judgment which the court rendered, and that due proof was made of all facts essential to a recovery which were admissible under the pleadings.

It was an action brought against the Live Stock Company to recover the damages which the appellee claimed to have sustained from the breach of a contract by the company for the purchase of a lot of hay, which had been contracted for between the company and one John E. Godding.

It is true that the contract was in many respects executory, since it covered the crops that were to be cut on Godding's ranch for three successive years. It is wholly unnecessary to discuss the question of the assignability of the contract, though that might probably be maintained under the authority of *LaRue v. Groezinger*, 84 Cal. 281, since the complaint

states that the transfer was with the knowledge and consent of the company.

It would serve no useful purpose to analyze the complaint and state its contents for the purposes of demonstrating, according to the rule in *Herfort v. Cramer*, 7 Colo. 483, that the complaint presents no such substantial defects as that, taking the facts to be admitted, it can be said to present no cause of action. The contract itself is set out, and that in terms certainly obligated the company to take whatever alfalfa was cut by Godding on his ranch during any of the years specified in the agreement. The complaint substantially avers performance on the part of Godding or his assignee, the failure of the company to accept the property at the time and place where by the agreement it was to be delivered, and alleges the damages resulting from the company's nonperformance. It avers that the hay was sold, and the difference between the contract and the selling price is stated, and that loss is what the plaintiff seeks to recover. That the plaintiff could recover, and that this was the measure of his damages if the proof corresponded with the allegations there is no question. *Gordon v. Norris*, 49 N. H. 376 ; Schouler's Personal Property, vol. 2, p. 544.

It will be assumed that the proof was ample and the court justified in its conclusion. There are no other matters which need be considered to determine the rights of these parties on the record and the judgment will therefore be affirmed.

*Affirmed.*